IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA., <br><br> v. <br><br> MICHAEL QUARTERMAN, <br><br> Defendant. | CRIMNAL ACTION NO. <br> 1:23-cr-0414-ELR-LTW |

<u>**FINAL REPORT AND RECOMMENDATION AND
ORDER CERTIFYING THIS CASE READY FOR TRIAL**</u>

Pending before the Court is Defendant Michael Quarterman's Motion to Dismiss Counts 1-5 of the indictment. [Doc. 36]. For the following reasons, the Court **RECOMMENDS** that the Motion to Dismiss Counts 1-5 of the Indictment be **DENIED**.

**I.   PROCEDURAL HISTORY**

On December 13, 2023, the federal grand jury returned a six-count indictment charging Defendant with five violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and one violation of 18 U.S.C. § 922(a)(1)(A) (illegally dealing in firearms). [Doc. 11]. The indictment states that Defendant has previously been convicted of three felony offenses: aggravated assault and theft by receiving stolen property on or about June 21, 2002, in the Superior Court of Fulton County, Georgia;

possession with intent to distribute a controlled substance on or about March 21, 2005, in the Superior Court of Fulton County, Georgia; and possession of a firearm by a convicted felon on or about October 4, 2007, in the Superior Court of Fulton County, Georgia. [Doc. 11].

On June 24, 2024, Defendant filed a Motion to Dismiss Counts 1-5 ("Motion to Dismiss") of the indictment. [Doc. 36]. During a pretrial conference held on June 27, 2024, the Court granted Defendant's verbal motion for additional time to consider any other motions he wanted to file. Specifically, Defendant was granted fourteen (14) days to file additional motions and/or to inform the Court whether his case should be certified ready for trial. [Doc. 37]. The Court also took the Motion to Dismiss under advisement and was to set a briefing schedule once Defense counsel informed the Court how he wished to proceed. [Id.].

The Court ordered the Government to file a response to Defendant's Motion to Dismiss by August 12, 2024, and allowed the Defendant to file a response thereto by August 26, 2024. [Doc. 38]. On August 12, 2024, the Government filed a Response to Defendant's Motion to Dismiss. [Doc. 39]. Defendant did not file a reply brief. This case is now ripe for a ruling.

## II. DISCUSSION

Defendant argues the indictment in this case is fatally defective because one of the three prior felony convictions described in the indictment is inaccurate. Specifically, Defendant alleges the indictment states that he was convicted of "Possession with Intent to Distribute a Controlled Substance" when he was not convicted of that offense. [Doc. 36 at 2]. Instead, Defendant was only convicted of possession of cocaine. [Doc. 36, Ex. 1]. Defendant fears that this error in the indictment renders it fatally defective because it may subject him to enhanced sentencing under the Armed Career Criminal Act (hereinafter "ACCA"), 18 U.S.C § 924(e), because "Possession with Intent to Distribute a Controlled Substance" is a serious drug offense under ACCA, while Possession of a Controlled Substance [cocaine] does not qualify as a serious drug offense under ACCA. [Doc. 36 at 2]. Defendant also contends that this error in drafting the indictment has "tainted the indictment and prejudiced" him. [Doc. 36 at 3]. According to Defendant, the only solution is for the Court to dismiss those counts containing false statements that characterize him as a drug dealer, i.e., those counts which falsely state that he has been convicted of possession of cocaine with intent to distribute.

In response, the Government argues Defendant's Motion to Dismiss should be denied because the indictment does not subject Defendant to a sentencing

3

enhancement. [Doc. 39 at 4]. The Government posits that ACCA is not triggered simply because the Government alleges convictions in an indictment, and that ACCA requires evidence that a defendant committed three predicate offenses of either a crime of violence or a serious drug offense. Because Defendant does not have three violent predicate felonies or serious drug offenses under ACCA, the Government maintains that ACCA does not apply in the instant action. [Doc. 39 at 4-6]. Even if Defendant had thee predicate offenses, the Government contends that a conviction under ACCA is a sentencing enhancement and a function of the Court at sentencing; it is neither an element of a § 922(g)(1) offense, nor a separate offense itself. [Doc. 39 at 4].

Lastly, the Government argues Defendant's Motion to Dismiss should be denied because: (1) Defendant cannot show the drafting error was intentionally false and material; (2) Defendant cannot show the drafting error substantially influenced the grand jury's decision to issue charges; and (3) the drafting error in the indictment is surplusage, rather than an amendment to the indictment because the convictions at issue are not elements to be proved.

The Eleventh Circuit has stated the law regarding attacks on the sufficiency of an indictment:

> By now it has become well-established that '[t]he sufficiency of a criminal indictment is determined from its face.' . . . 'For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet.' .

4

> . . 'An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute.'

United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (citations omitted). In resolving a pretrial motion to dismiss, the court is not determining whether the Government's evidence is sufficient to find Defendant guilty of the charge in the indictment or whether the Government will carry its burden of proof at trial but only whether there is a legal infirmity or defect in the indictment. See id.

Defendant's two main contentions regarding the indictment are that: (1) the indictment is fatally defective because it subjects Defendant to enhanced sentencing that he would not otherwise be subjected to, and (2) the error in the indictment fails to accurately state Defendant's past conviction and amounts to the Government making false statements, which have tainted the indictment and prejudiced Defendant. See [Doc. 36]. The Court finds Defendant's arguments for both allegations unpersuasive for the following reasons.

First, Defendant's contention that the indictment is fatally defective because it subjects him to enhanced sentencing that he would not otherwise be subjected to under the ACCA is premature and should be raised at sentencing. The ACCA is a sentencing enhancement; it is neither an element of a 922(g)(1) offense nor a separate offense itself. United States v. McGatha, 891 F.2d 1520, 1525 (11th Cir. 1990). Because of

this, courts defer issues relating to the applicability of the ACCA until sentencing. See United States v. Guffie, No. 1:20-CR-86-ELR-JKL, 2021 WL 3573065, at *2 (N.D. Ga. June 28, 2021) (collecting cases), report and recommendation adopted, 2021 WL 3566860 (N.D. Ga. Aug. 12, 2021); see also United States v. Everett, No. 1:17-CR-020-RWS-JKL, 2019 WL 6458425, at *9 (N.D. Ga. July 5, 2019), report and recommendation adopted, 2019 WL 4126657, at *2 (N.D. Ga. Aug. 30, 2019) (denying motion to dismiss § 924(e) enhanced penalty provisions without prejudice to raising the issue at sentencing); accord United States v. Elrod, No. 3:15-CR-233-D, 2015 WL 5227831, at *2 (N.D. Tex. Sept. 8, 2015) (stating that Defendant's "arguments concerning § 924(e) are premature and can be addressed if he is convicted and the applicability of § 924(e) becomes an issue at sentencing").

Defendant's second argument that the drafting error in the indictment amounts to false statements by the Government that have tainted or prejudiced Defendant is also due to be denied. To survive dismissal, the indictment must "contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." Sharpe, 438 F.3d at 1263.

The counts of the indictment at issue charge Defendant Quarterman with five counts of "Felon in Possession of a Firearm" under 18 U.S.C. § 922(g)(1). The statute states:

> It shall be unlawful for any person… who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year… to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

The indictment charges Defendant in each of the five counts of the offense, "Felon in Possession of a Firearm", by stating that Defendant "did knowingly possess at least one of the following firearms and ammunition…said possession being in and affecting interstate and foreign commerce, all in violation of Title 18, United States Code, Section 922(g)(1)." See Indictment [Doc. 11]. The indictment also alleges that Defendant did so "knowing that he had previously been convicted of one of the following offenses punishable by imprisonment for a term exceeding one year" and listed out three separate felony convictions. Id. Based on the face of the indictment, it sufficiently apprises Defendant of the charges that are to be brought against him.

The Court also finds that Defendant failed to show that the error in the indictment with regards to the 2005 conviction amounts to the Government knowingly making false statements in the indictment that taint and prejudice him. Where the government uses or elicits false testimony during criminal proceedings, it will not amount to prosecutorial misconduct unless the prosecutor either: (1) knowingly used perjured testimony; or (2) failed to correct what he later learned to be false testimony. See

United States v. Pendleton, 447 F. App'x 978 (11th Cir. 2011) (citing United States v. McNair, 605 F.3d 1152, 1208 (11th Cir. 2010)).  Even then, the testimony must be material.  McNair, 605 F.3d at 1208-11 (holding that prosecutorial misconduct did not occur because there was nothing to suggest that the testimony was false).  If prosecutorial misconduct occurs in the context of a grand jury proceeding, the proper remedy is to dismiss the indictment.  United States v. Accetturo, 858 F.2d 679, 681 (11th Cir. 1988).

In this case, dismissal is not warranted because the record does not show facts that prosecutorial misconduct has occurred due to the error in the indictment. Defendant cites to Pendleton, for support, but offers no facts to support the proposition that the Government knowingly used false information in the indictment and to distinguish it from Pendleton.  As a result, the Court is more inclined to treat this as a drafting error and not the Government using any intentional falsehoods.

The Eleventh Circuit has stated that "even if the indictment could have been better drafted, any error in its wording was harmless to [defendant]". United States v. Leonard, 4 F.4th 1133, 1144 (11th Cir. 2021).  Here, despite the drafting error, there are no legal infirmities present in the indictment that would prejudice the Defendant. The drafting error did not occur as to any of the elements of the charges in Counts 1-5 and merely was being used to show that the Defendant was previously convicted of a

crime that was punishable by imprisonment for a term exceeding one year. Nor would the drafting error fail to allow Defendant to be sufficiently apprised of the charges that he is to face. Even without the drafting error, Defendant would still have a prior conviction for "Possession of a Controlled Substance", which is an offense punishable by imprisonment for a term exceeding one year. As a result, granting the Defendant's Motion to Dismiss is not warranted.

### III. CONCLUSION

Based on the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant's Motion to Dismiss Counts 1-5 of the indictment **DENIED**. There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial.

**SO RECOMMENDED AND ORDERED** this 2 day of October 2024.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

9